**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JOANN MASON,       Plaintiff | No. 3:12cv259 |
| v. | (Judge Munley) |
| GEORGE THRESHMAN,       Defendant | |

## MEMORANDUM

Before the court for disposition is Defendant George Threshman's motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  (Doc. 3).  The motion has been fully briefed and is ripe for disposition.

**Background**

Plaintiff Joann Mason (hereinafter "plaintiff") claims that Defendant George Threshman (hereinafter "defendant") unlawfully possesses jewelry devised to plaintiff.  (Doc. 4-1, Compl.)  Plaintiff and defendant are siblings.  (Id. ¶ 4, 7).  Plaintiff alleges that defendant wrongfully possesses a diamond ring and a watch devised to plaintiff from their mother, Isabelle Threshman.  (Id. ¶ 9).  She alleges that the diamond ring is valued in excess of $135,000 and the watch is valued at $10,000.  (Id. ¶¶ 19-20).

Isabelle Threshman died on June 7, 1995, devising all of her property to her husband, Morton Threshman, plaintiff and defendant's father.  (Id. ¶¶ 4-6; Doc. 4-1, Ex. A ¶ 2).  Morton Threshman died on October 31, 1998.  (Compl. ¶ 6).  In his will, he devised a property in New Jersey to defendant, a property in Pennsylvania and a Star Sapphire ring to his son, Euell Threshman and all other jewelry he owned at the time of his death to plaintiff.  (Doc. 4-1, Ex. B ¶¶ 2-4).  Morton Threshman named defendant as the executor of his estate.  (Id. ¶ 11; Doc. 4-1, Ex. B ¶ 7).

Plaintiff avers that her mother's ring and watch were in Morton

Threshman's possession at the time of his death.  (Compl. ¶ 10).  She claims that she asked defendant for this jewelry, however, defendant continuously denied any knowledge of it.  (Id. ¶¶ 12-13).  Until recently, plaintiff believed the jewelry was either unaccounted for or lost.  (Id. ¶ 14).  On or about January 2011, plaintiff learned that defendant possessed the ring and watch after Morton Threshman's death.  (Id. ¶ 15).  She alleges that defendant failed to honor Morton Threshman's "Last Will and Testament," claiming that defendant has intentionally and knowingly defrauded her and converted the jewelry for his own use.  (Id.; Doc. 4-1, Ex. B).

On January 17, 2012, plaintiff filed her complaint in the Court of Common Pleas of Wayne County.  (Doc. 4-1, Compl.).  On February 10, 2012, defendant removed the action to this court.  (Doc. 1).  Defendant filed a motion to dismiss the complaint on February 15, 2012, bringing this case to its present posture.  (Doc. 5).

**Jurisdiction**

Plaintiff Joann Mason is a citizen of Pennsylvania and Defendant George Threshman is a citizen of New Jersey, establishing diversity of citizenship between the parties.  (Doc. 1, Notice of Removal ¶¶ 4, 5).  The amount in controversy exceeds $75,000.00.  (Doc. 4-1, Compl. ¶¶ 19, 20).  Because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, the court has jurisdiction over the case.  See 28 U.S.C. § 1332 ("district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]"); 28 U.S.C. § 1441 ("any civil action brought

in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending.").

As a federal court sitting in diversity, we must apply state law. Chamberlain v. Giampapa, 210 F.3d 154, 158 (3d Cir. 2000) (citing Erie R.R. v. Tompkins, 304 U.S. 64, 78 (1938)).  In this case, the relevant state is Pennsylvania.

**Standard of Review**

A Rule 12(b)(6) motion tests the sufficiency of a complaint's allegations.  Granting the motion is appropriate if, accepting as true all the facts alleged in the complaint, the plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," or put another way, "nudged [his or her] claims across the line from conceivable to plausible." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" Ashcroft v. Iqbal, 556 U.S. 662, 679 (citing FED.R.CIV.P. 8(a)(2)).

The Third Circuit Court of Appeals interprets Twombly to require the plaintiff to describe "'enough facts to raise a reasonable expectation that discovery will reveal evidence of' [each] necessary element" of the claims alleged in the complaint.  Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Twombly, 550 U.S. at 556).  The plaintiff must allege facts that "justify moving the case beyond the pleadings to the next stage of litigation." Id. at 234-35.

3

In relation to Federal Rule of Civil Procedure 8(a)(2), the complaint need only provide "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests,'" Twombly, 550 U.S. at 555 (citation omitted). "[T]he factual detail in a complaint [cannot be] so undeveloped that it does not provide a defendant the type of notice of claim which is contemplated by Rule 8." Phillips, 515 F.3d at 232 (citation omitted). "Rule 8(a)(2) requires a 'showing' rather than a blanket assertion of an entitlement to relief." Id.

In deciding a 12(b)(6) motion, the district court must accept as true all factual allegations in the complaint and give the pleader the benefit of all reasonable inferences that can fairly be drawn therefrom, and view them in the light most favorable to the plaintiff. Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). However, the court is not bound to accept as true a legal conclusion couched as a factual allegation, nor is it sufficient to offer "a formulaic recitation of the elements of a cause of action." Iqbal, 556 U.S. at 678 (citation omitted). A court should generally consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record and documents that form the basis of a claim. See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997); Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192,

To determine the sufficiency of a complaint, the court may begin by first noting the elements a plaintiff must plead to state a claim. Iqbal, 556 U.S. 675. The court should then identify the allegations that, "because they are no more than conclusions, are not entitled to the assumption of

truth." Id. at 679.  Finally, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.; see also Burtch v. Milberg Factors, Inc., 662 F.3d 212, 221 n.4 (3d Cir. 2011).

**Discussion**

Defendant brings this motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that the plaintiff's complaint does not meet the minimum level of factual pleading required under the federal rules.  He asserts that plaintiff's complaint lacks the following: a specific definition of the personal property allegedly possessed by defendant; plaintiff's standing to act on behalf of the estate; whether Morton Threshman possessed the property at the time of his death; whether an estate accounting was conducted or requested in New Jersey; why the Middle District of Pennsylvania has jurisdiction; why this venue is proper; or why plaintiff is entitled to the jewelry.  (Doc. 4, Def. Br. in Supp. at 4).

Plaintiff asserts that the complaint clearly and concisely sets forth the facts in support of her claim against defendant.  She argues that the facts alleged in the complaint put the defendant on notice of the allegations made against him to allow him to respond.

We find that plaintiff has not pleaded enough facts to state a claim of relief plausible on its face.  See Twombly, 550 U.S. at 570.  Rather, plaintiff has alleged minimal facts which only suggest possible misconduct.  While plaintiff claims that she has satisfied the notice requirement of Rule 8, such a rule requires more than a blanket assertion.  See Phillips, 515 F.3d at 232.  Plaintiff has not made a "showing" of her entitlement to relief.

Most notably absent from plaintiff's complaint is a clearly established

5

cause of action against the defendant.  The complaint only contains the following allegations:

> 17.  It is believed and therefore averred that the conduct of the Defendant was intentional and knowingly done to defraud the Plaintiff of the jewelry rightfully hers pursuant to the Will.
>
> 18.  It is believed and therefore averred Plaintiff converted the jewelry for his own use.[1]

(Doc 4-1, Compl ¶¶ 17, 18).  Based on these paragraphs, it appears that plaintiff may be asserting fraud or conversion, however, we will not speculate as to plaintiff's claims.  The court is not bound to accept plaintiff's legal conclusion couched in factual allegation, such as her use of the terms "defraud" or "converted."  Id.  If plaintiff is asserting a claim of fraud against defendant, plaintiff has also failed to state with any particularity the circumstances constituting fraud.  See FED.R.CIV.P. 9(b).

Furthermore, as plaintiff failed to allege a specific cause of action, we cannot discern what elements plaintiff must plead to state a claim.  Iqbal, 556 F.3d at 675.  We find that plaintiff's complaint is fatally flawed under the federal pleading standards.  Accordingly, we find that the allegations in plaintiff's complaint are not sufficient under the pleading requirements set forth by the Supreme Court in Iqbal.  We will grant defendant's motion to dismiss plaintiff's complaint.[2]

---

[1] Plaintiff may have mistakenly referred to "plaintiff" instead of "defendant" in paragraph 18.

[2] We also find that the plaintiff failed to comply with the local rules of the Middle District of Pennsylvania when she submitted her brief in opposition to defendant's motion to dismiss.  Pursuant to the local rules, a brief submitted in opposition to a motion shall, "contain complete citations of all authorities relied upon, including whenever practicable, citations both

**Conclusion**

     For the reasons stated above, defendant's motion to dismiss will be granted and plaintiff's complaint will be dismissed without prejudice. Plaintiff will be granted leave to file an amended complaint.

---

to official and unofficial reports." See L.R. 7.8. Plaintiff's brief is devoid of any legal support and contains no citations to any legal authorities. The local rules also prohibit referencing materials in other pleadings, as "[n]o brief may incorporate by reference all or any portion of any other brief." Id. Here, plaintiff addresses defendant's motion only by incorporating by reference portions of the complaint. Furthermore, those references do not address the defendant's arguments as to why the plaintiff's complaint is deficient under the pleading requirements.

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JOANN MASON,** | : | **No. 3:12cv259** |
|     Plaintiff | : | |
|     v. | : | **(Judge Munley)** |
| | : | |
| **GEORGE THRESHMAN,** | : | |
|     Defendant | : | |

## ORDER

**AND NOW**, to wit, this 5th day of June 2012, Defendant George Threshman's motion to dismiss (Doc. 3) is hereby **GRANTED**. Plaintiff Joann Mason's complaint is **DISMISSED** without prejudice. Plaintiff is **DIRECTED** to file an amended complaint, consistent with this memorandum, within twenty (20) days of the date of this order. If plaintiff fails to file a timely amended complaint, the Clerk of Court shall close this case.

                                                  **BY THE COURT:**

                                                  s/ James M. Munley

                                                  **JUDGE JAMES M. MUNLEY
United States District Court**