IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOANN MASON,<br>　　　Plaintiff<br>　　v.<br>GEORGE THRESHMAN,<br>　　　Defendant | No. 3:12cv259<br><br>(Judge Munley) |

## **MEMORANDUM**

Before the court for disposition is the defendant's motion to dismiss the plaintiff's amended complaint. (Doc. 8). The motion has been briefed and is ripe for disposition.

**Background**

This case arises out of a dispute involving jewelry that Plaintiff Joann Mason (hereinafter "plaintiff") claims was devised to her and wrongfully possessed by Defendant George Threshman (hereinafter "defendant").

Plaintiff and defendant are siblings. (Doc. 7, Am. Compl. (hereinafter "Am. Compl.") ¶¶ 4, 5, 6). Their parents were Morton and Isabelle Threshman. (Id. ¶¶ 5, 6). Isabelle died on June 7, 1995. (Id. ¶ 7). Pursuant to her will, she devised all of her property to Morton if he survived her. (Id. ¶¶ 7, 8; Doc. 7, Ex. A ¶ 2). An estate was never raised. (Am. Compl. ¶ 9). Plaintiff alleges that Isabelle owned certain jewelry, specifically "a diamond broach with several rings surrounded by diamonds in a band, a 6-8 single stone diamond ring and a diamond wristwatch set in either white gold or platinum . . . ." (Id. ¶ 14). Plaintiff asserts that the 6-8 single stone diamond ring is valued in excess of $135,000. (Id. ¶ 32). The value of the diamond wristwatch set in either white gold or platinum is $10,000. (Id. ¶ 33). Plaintiff refers to these pieces collectively as

"jewelry."[1]  (Id. ¶ 14).

Morton Threshman survived his wife and died on October 31, 1998. (Id. ¶¶ 10, 11). Defendant was named as Executor Morton's Estate. (Id. ¶ 13). In his will, Morton devised a Star Sapphire ring to his son, Euell Threshman, and all other jewelry he owned at the time of his death to plaintiff. (Doc. 7, Ex. B ¶¶ 3-4). Plaintiff alleges the jewelry she seeks was in Morton's possession at the time of his death. (Am. Compl. ¶ 15).

Plaintiff repeatedly made demands for the jewelry. (Id. ¶ 16). Defendant only provided her with a token amount of different jewelry. (Id.) Defendant continually denied any knowledge of the jewelry or its location. (Id. ¶ 17). Defendant stated that he believed that it was lost and if he found it he would inform plaintiff. (Id. ¶¶ 18, 19). Until recently, as a result of defendant's assertions, plaintiff thought that it was either unaccounted for or lost. (Id. ¶ 21).

In November 2010, plaintiff learned that defendant possessed the jewelry after their father's death. (Id. ¶ 22). Bill Connelly and defendant's ex-wife, Cirila B. Threshman, claim defendant sold the jewelry. (Id. ¶¶ 23, 24; Doc. 7, Exs. C, D). Plaintiff alleges that defendant instructed Bill Connelly and/or Cirila Threshman not to inform plaintiff that he sold it. (Id. ¶ 25). She claims that defendant concealed his possession of the jewelry and intentionally and knowingly acted to defraud her. (Id. ¶¶ 26, 27, 30). Plaintiff demanded the jewelry or its value, however, defendant ignored or

---

[1] Plaintiff provided a description of the three pieces of jewelry, but only provided the value of the diamond ring and wristwatch. As plaintiff requested relief of $145,000 exceeds the necessary amount in controversy, we have jurisdiction over this case as it relates to the three pieces of jewelry.

refused her requests.  (Id. ¶¶ 28, 29).

On January 17, 2012, plaintiff filed her complaint in the Court of Common Pleas of Wayne County.  (Doc. 1-2 at 1-6).  On February 9, 2012, defendant removed the action to this court.  (Doc. 1).  Defendant filed a motion to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on February 15, 2012.  (Doc. 3).  We issued a memorandum and order on June 5, 2012, granting the motion to dismiss without prejudice and allowed plaintiff to file an amended complaint.  (Doc. 6).  Plaintiff filed an amended complaint on June 25, 2012.  (Doc. 7).  Defendant filed the instant motion to dismiss on July 9, 2012.  (Doc. 8).  The parties briefed the issues, bringing the case to its present posture.

**Jurisdiction**

Plaintiff Joann Mason is a citizen of Pennsylvania and Defendant George Threshman is a citizen of New Jersey, establishing diversity of citizenship between the parties.  (Doc. 1, Notice of Removal ¶ 6).  Because there is complete diversity of citizenship and the amount in controversy exceeds $75,000, the court has jurisdiction over the case.  See 28 U.S.C. § 1332 ("district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]"); 28 U.S.C. § 1441 ("any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending.").

As a federal court sitting in diversity, we must apply state law.

Chamberlain v. Giampapa, 210 F.3d 154, 158 (3d Cir. 2000) (citing Erie R.R. v. Tompkins, 304 U.S. 64, 78 (1938)).  In this case, the relevant state is Pennsylvania.

**Standard of review**

A Rule 12(b)(6) motion tests the sufficiency of a complaint's allegations.  Granting the motion is appropriate if, accepting as true all the facts alleged in the complaint, the plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," or put another way, "nudged [his or her] claims across the line from conceivable to plausible." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  The Third Circuit interprets Twombly to require the plaintiff to describe "enough facts to raise a reasonable expectation that discovery will reveal evidence of" each necessary element of the claims alleged in the complaint.  Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Twombly, 550 U.S. at 556).  Moreover, the plaintiff must allege facts that "justify moving the case beyond the pleadings to the next stage of litigation."  Id. at 234-35.

In relation to Federal Rule of Civil Procedure 8(a)(2), the complaint need only provide "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests,'" Twombly, 550 U.S. at 555 (citation omitted).  "[T]he factual detail in a complaint [cannot be] so undeveloped that it does not provide a defendant the type of notice of claim which is contemplated by Rule 8."  Phillips, 515 F.3d at 232 (citation omitted).  "Rule 8(a)(2) requires a 'showing' rather than a blanket assertion of an entitlement to relief."  Id.

The issue is whether the facts alleged in the complaint, if true,

4

support a claim upon which relief can be granted.  In deciding a 12(b)(6) motion, the court must accept as true all factual allegations in the complaint and give the pleader the benefit of all reasonable inferences that can fairly be drawn therefrom, and view them in the light most favorable to the plaintiff.  Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997).  However, "we are not bound to accept as true a legal conclusion couched as a factual allegation."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotations omitted).

To determine the sufficiency of a complaint, the court should identify the allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth."  Id. at 679.  "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  Id.  Generally, a court should consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim.  See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997); Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).

**Discussion**

Plaintiff's amended complaint contains three counts: Count I, conversion; Count II, replevin; and Count III, fraud.  Defendant moves for the dismissal of the complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), arguing that plaintiff failed to aver the requisite level of facts to state a claim.  Plaintiff asserts that the amended complaint alleges enough facts to put the defendant on notice of her claims.  In her brief in opposition to the motion to dismiss, plaintiff only

addresses her conversion and replevin claims and argues that the amended complaint contains enough facts to support the element of those two claims.  We will address each count of the amended complaint, in turn.

**1. Conversion**

Plaintiff first asserts a cause of action for conversion.  Under Pennsylvania law, "[c]onversion has been defined as the deprivation of another's right of property in, or use or possession of, a chattel without the owner's consent and without lawful justification." Chrysler Credit Corp. v. B.J.M., Jr., Inc., 834 F. Supp. 813, 844 (E.D. Pa. 1993).  Plaintiff may bring a civil action if she had "actual or constructive possession or an immediate right to possession of the chattel at the time of the conversion." Id. (citing Eisenhauer v. Clock Towers Assocs., 582 A.2d 33, 36 (Pa. Super. Ct. 1990); see Pittsburgh Const. Co. v. Griffith, 834 A.2d 572, 581 (Pa. Super. Ct. 2003).  "'Where one lawfully comes into possession of a chattel, a conversion occurs if a demand for the chattel is made by the rightful owner and the other party refuses to deliver.'" Fenton v. Balick, 821 F. Supp. 2d 755, 760 (E.D. Pa. 2011) (quoting Prudential Ins. Co. of Am. v. Stella, 994 F. Supp. 318, 323 (E.D. Pa. 1998)).

Taking all the allegations in the amended complaint as true, we find that plaintiff alleged a plausible conversion claim.  Plaintiff alleges that defendant deprived her of their mother's jewelry.  She claims that she had an immediate right of possession of the jewelry under Morton Threshman's will.  While defendant denied any knowledge of the jewelry, defendant knew its location or possessed it.  Plaintiff demanded the jewelry, which she acquired title to upon her father's death, however, defendant refused.  Plaintiff also alleges that defendant sold the jewelry without her consent,

6

thereby further depriving her of possession.  Based upon these allegations, we find that plaintiff provided sufficient facts which raise a reasonable expectation that discovery will reveal evidence of each element of her conversion claim.

**2.  Replevin**

Plaintiff's second cause of action is for replevin.  "'The action of replevin is founded upon the wrongful taking and detention of property and seeks to recover property in the possession of another.'"  Com. ex rel. Anderson v. Fidelity & Deposit Co. of Md., 811 A.2d 1040, 1042 (Pa. Super. Ct. 2002) (quoting Valley Gypsum v. Pa. State Police, 581 A.2d 707, 710 (Pa. Commw. Ct. 1990)).  To successfully assert a replevin action, "'the plaintiff must show not only title, but also the exclusive right of immediate possession of the property in question.'"  Susquehanna Commercial Fin., Inc. v. French, No. 10-7481, 2011 WL 1743503, at *4 (E.D. Pa. May 5, 2011) (quoting Ford Motor Credit Co. v. Caiazzo, 564 A.2d 931, 933 (Pa. Super. Ct. 1989)).

In the instant case, plaintiff alleges that she was entitled to jewelry, but defendant wrongfully possessed it.  Defendant denied her the jewelry or its value.  Plaintiff avers that defendant has no right, title or interest in the jewelry.  Construing the facts in the amended complaint in her favor, we find that plaintiff alleges title and right of immediate possession of the property in question, as well as asserts the right against anyone else.  Therefore, we conclude that plaintiff alleged a plausible replevin claim.

**3.  Fraud**

7

Plaintiff's final cause of action is for fraud.[2] The Pennsylvania Superior Court has found that "any definition of fraud necessarily includes a knowing misrepresentation of a fact by one party which induced another party to act or fail to act, which in the end caused damage to the party who relied upon the misrepresentation." Fletcher-Harlee Corp. v. Szymanski, 936 A.2d 87, 100 (Pa. Super. Ct. 2007). To establish a Pennsylvania common law fraud claim, plaintiff must prove by clear and convincing evidence the following six elements:

> 1) a representation; 2) which is material to the transaction at hand; 3) made falsely, with knowledge of its falsity or recklessness as to whether it is true or false; 4) with the intent of misleading another into relying on it; 5) justifiable reliance on the misrepresentation; and 6) the resulting injury was proximately caused by the reliance.

Viguers v. Philip Morris USA, Inc., 837 A.2d 534, 540 (Pa. Super. Ct. 2003) (citing Debbs v. Chrysler Corp., 810 A.2d 137, 155 (Pa. Super. Ct. 2002)).

A state law fraud claim must comply with Federal Rule of Civil Procedure 9(b). See Christidis v. First Pa. Mortg. Trust, 717 F.2d 96, 99 (3d Cir. 1983); Freedom Med. Inc. v. Gillespie, 634 F. Supp. 2d 490, 515 (E.D. Pa. 2007). Rule 9(b) states, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." FED. R. CIV. P. 9(b).

---

[2] Plaintiff did not address her fraud claim and states the following in her brief in opposition: "The Amended Complaint contains claims for conversion (Count I) and replevin (Count II) . . . . Plaintiff's Amended Complaint has set forth relevant and sufficient facts to support the elements of Conversion and Replevin." (Doc. 10, Br. in Opp. to Def.'s Mot. to Dismiss, at 3, 4). To be complete, however, we will address the merits of the fraud allegations.

In the instant case, we find that plaintiff sufficiently alleged her fraud claim.  Her pleadings satisfy the general pleading requirement, as well as the heightened standard found in Federal Rule of Civil Procedure 9(b).  Plaintiff alleges that defendant misrepresented the fact that he was not in possession of jewelry deserving of plaintiff under their father's will.  Defendant, while claiming he did not know the location of the jewelry and he believed it to be lost, knew of its location or possessed it, thereby making a false representation.  Plaintiff believed that the jewelry was lost or unaccounted, relying on defendant's assertions.  We find that plaintiff sufficiently alleged that this representation was material.  Plaintiff alleges defendant concealed his possession of the jewelry and he later sold it.  She also alleges that the individuals who knew about the sale, Bill Connelly and Cirila Threshman, were instructed by defendant not to tell plaintiff about the sale.  Based on these allegations, plaintiff sufficiently plead her fraud claim.

Finally, defendant raises several additional arguments as to the deficiencies in plaintiff's complaint.  Defendant contends that the amended complaint does not set forth any specificity as to the jewelry, what standing plaintiff has to act on behalf of the estate, what part of the jewelry was possessed by whom at the time of Morton Threshman's death, whether an estate accounting was made or requested in New Jersey, why this court has jurisdiction, why this is the proper venue and why plaintiff is entitled to any or all of the items claimed.

We also find these arguments unpersuasive.  First, plaintiff described the jewelry with sufficient specificity, describing each piece of jewelry that was possessed by their mother and believed to be devised to their father.

Second, plaintiff does not assert this action on behalf of the estate, rather brings this action individually to reclaim the jewelry or its worth.  She sufficiently pled her interest in the property, claiming that the property was devised to her and defendant wrongfully possesses or possessed the jewelry.  Third, plaintiff alleged that at all relevant times, the jewelry was in Morton Threshman's possession at the time of his death.  Fourth, we do not find that it is necessary at this stage that plaintiff plead whether an estate accounting was made or requested in New Jersey, as plaintiff must only plead sufficient allegations to raise a reasonable expectation that discovery will reveal evidence of the elements of her claims.

We also find defendant's arguments concerning proper jurisdiction and venue unconvincing, particularly in light of the fact that defendant removed the case to this court.  As stated above, we have jurisdiction over this matter due to diversity of citizenship and venue is proper.  See 28 U.S.C. § 1441 ("any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending.").

We conclude that plaintiff sufficiently pled the claims in her amended complaint.  Accordingly, we will deny defendant's motion to dismiss the amended complaint.

**Conclusion**

For the reasons stated above, the defendant's motion to dismiss the amended complaint (Doc. 8) will be denied.  An appropriate order follows.

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JOANN MASON,**     **Plaintiff** | **No. 3:12cv259** |
| v. | **(Judge Munley)** |
| **GEORGE THRESHMAN,**     **Defendant** | |

:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## ORDER

**AND NOW**, to wit, this 27th day of August 2012, Defendant George Threshman's motion to dismiss the complaint (Doc. 8) is hereby **DENIED**.

                      **BY THE COURT:**

                      s/ James M. Munley

                      **JUDGE JAMES M. MUNLEY
United States District Court**